UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAMELA SPENCER,

    Plaintiff,

v.                                                                                    CASE NO.:

BIO-TECH CONSULTING, INC.,

    Defendant.

_____/

## COMPLAINT

**COMES NOW** Plaintiff, **PAMELA SPENCER** ("Plaintiff"), by and through her undersigned counsel, and hereby files this Complaint for damages against Defendant, **BIO-TECH CONSULTING, INC.** ("Defendant"), and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages, injunctive relief, and declaratory relief against Defendant to address deprivation of rights secured by 29 U.S.C. § 201 et seq., known as the "Fair Labor Standards Act" ("FLSA").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida.

## THE PARTIES

4. At all material times hereto, Plaintiff was an individual working for Defendant in the State of Florida, Orange County, Florida, and was an "employee" for Defendant under the FLSA.

5. At all material times hereto, Defendant was and remains a Florida for-profit corporation and transacted business and performed services in the State of Florida, Orange County, Florida, and was the "employer" of Plaintiff under the FLSA. Defendant acts through its management, supervisors, owners, and agents.

## STATEMENT OF FACTS

6. Defendant is an environmental consulting firm headquartered in Orlando, Florida.

7. In February 2019, Plaintiff began working for Defendant on a temporary basis, as administrative assistant, which is a non-exempt employee position under the FLSA.

8. In May 2019, Plaintiff began working for Defendant on as a permanent employee in her same position, as administrative assistant, which is a non-exempt employee position under the FLSA.

9. During Plaintiff's tenure with Defendant, Plaintiff satisfactorily performed all of the essential duties of her position.

10. During Plaintiff's tenure with Defendant, Defendant would unlawfully violate the FLSA by knowingly and willfully failing to pay Plaintiff overtime for her hours worked above forty (40) hours per week.

11. During Plaintiff's tenure with Defendant, Defendant unlawfully misclassified Plaintiff as an exempt salaried employee.

12. Even with Defendant unlawfully misclassifying Plaintiff as an exempt salaried employee, Defendant would also unlawfully fail to pay Plaintiff properly as an exempt salaried employee by only paying Plaintiff for actual hours worked on weeks where Plaintiff worked less than 40 hours.

13. Plaintiff objected to Defendant's unlawful violations of the FLSA as described above, including without limitation, on January 23, 2020, Plaintiff objected to Defendant's unlawful conduct during an administrative meeting attended by multiple people, including without limitation, Defendant's human resources manager, Defendant's office manager, and another of Defendant's administrative assistants.

14. At the time of Plaintiff's objections to Defendant's unlawful violations of the FLSA at the administrative meeting described in paragraph 13 above Plaintiff also presented Defendant's human resources manager with documentation relating to the FLSA to support Plaintiff's objections to Defendant's unlawful violations of the FLSA.

15. Upon Plaintiff objecting to Defendant's unlawful violations of the FLSA and presenting Defendant's human resources manager with the FLSA documentation, Defendant's human resources manager became extremely hostile toward Plaintiff and began yelling at Plaintiff, including without limitation, yelling that Defendant would now need to get a lawyer and asking why Plaintiff didn't just quit her position with Defendant.

16. On January 24, 2020, the very next day after Plaintiff objected to Defendant's unlawful violations of the FLSA and presented the FLSA documentation during the

administrative meeting, Defendant unlawfully retaliated against Plaintiff by terminating Plaintiff's employment because of Plaintiff's objections to Defendant's unlawful violations of the FLSA.

17. Defendant's unlawful conduct in violation of the FLSA was willful.

18. As a direct and proximate cause of said acts of Defendant, its agents and or owners, Plaintiff has suffered and will continue to suffer severe financial and emotional damages.

## COUNT I - FLSA OVERTIME VIOLATION

19. Plaintiff restates and incorporates herein the allegations as set forth in paragraphs 1 through 18 above, as if fully set forth herein.

20. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and Plaintiff was not compensated for all of these hours in accordance with the FLSA.

21. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

22. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court hold Defendant liable for the following relief:

    a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b) Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

n/a

    c)    An amount equal to Plaintiff's overtime damages as liquidated damages;

    d)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e)    A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

    f)    All costs and attorney's fees incurred in prosecuting these claims; and

    g)    For such further relief as this Court deems just and equitable.

## COUNT II – FLSA RETALIATION

23. Plaintiff restates and incorporates herein the allegations as set forth in paragraphs 1 through 17 above, as if fully set forth herein.

24. By complaining to Defendant's management regarding Defendant's violations of the FLSA, Plaintiff engaged in protected activity under the FLSA.

25. By terminating Plaintiff's employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FLSA.

26. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

27. Plaintiff was injured by Defendant's violations of the FLSA.

**WHEREFORE**, Plaintiff respectfully requests that this Court hold Defendant liable for the following relief:

    (a)    A jury trial on all issues so triable;

    (b)    That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FLSA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Compensatory damages, including emotional distress; and

(f) For such further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff herein demands a jury trial on and for all issues so triable.

Dated this 3rd day of February, 2020.

Respectfully submitted,

_____
**LUIS A. CABASSA, P.A.**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct: 813-379-2565
Main: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorney for Plaintiffs**

and

**SCOTT M. WEAVER**
Florida Bar Number: 573221
**THE WEAVER LAW FIRM, P.A.**
801 West Bay Dr., Suite 426
Largo, Florida 33770
Direct No. 727-316-5330
Facsímile: 727-499-7322
E-mail: scott@theweaverlawfirm.com
**Attorney for Plaintiff**